IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **THE STATE OF TEXAS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-1547-M-BH |
| | § | |
| **DONALD WATKINS,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se in forma pauperis* case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, this case should be **REMANDED** to the state court *sua sponte*.

**I. BACKGROUND**

On June 9, 2016, Donald Watkins (Defendant) filed a notice to remove a pending state criminal prosecution against him to federal district court for the Northern District of Texas, Dallas Division. He has been charged with felony theft of property in Criminal District Court Number 3 of Dallas County, Texas. *See State of Texas v. Watkins*, No. F15-75723 (filed Aug. 21, 2015). As grounds for removal, Defendant alleges that the state court is racially discriminating against him by: (1) refusing to provide him with "material" evidence pertaining to the pending criminal prosecution; and (2) denying his defense counsel's motion to withdraw from court proceedings. (*See* doc. 3 at 1-2.)[1]

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

1

## II. JURISDICTION

Defendant's notice of removal asserts that this case is properly removed to federal district court under 28 U.S.C. § 1443 as a civil rights case.

Under § 1443, a defendant in a pending state civil action or criminal prosecution may remove to federal court in certain circumstances:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. The defendant bears the burden of establishing his right to removal under this statute. *See Texas v. Gulf Water Benefaction Co.,* 679 F.2d 85, 86–87 (5th Cir. 1982). Moreover, the notice of removal must be examined promptly by the court and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

To remove a case under § 1443(1)[2], Defendant must show that: (1) the right allegedly denied him arises under a federal law "providing for specific civil rights stated in terms of racial equality;" and (2) he cannot enforce the specified federal right in state court. *Johnson v. Mississippi,* 421 U.S. 213, 219 (1975) (citing *Georgia v. Rachel,* 384 U.S. 780, 792 (1966)). This two-part test is strictly

---

[2] Defendant cannot seek removal under 28 U.S.C. § 1443(2) because that subsection is "limited to federal officers and those authorized to act for them or under them." *Varney v. Georgia*, 446 F.2d 1368, 1369 (5th Cir. 1971) (per curiam) (citing *City of Greenwood v. Peacock*, 384 U.S. 808 (1966)).

construed because "vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied." *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966) (citing *Rachel*, 384 U.S. at 780). This removal statute "does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial." *Id*.

Here, Defendant fails to allege that he has been denied a federal right arising under a specific law or statute protecting racial equality. Even though he alleges racial discrimination violations generally under 28 U.S.C. § 1443; 28 U.S.C. § 1445; 42 U.S.C. § 1981; and the Sixth Amendment, these conclusory allegations are insufficient to meet the first requirement to remove a pending state criminal prosecution to federal court. *See Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86 (5th Cir. 1982); *Homer v. Texas*, No. 3:10-CV-2549-M-BK, 2011 WL 721972, at *2 (N.D. Tex. Feb. 7, 2011); *Texas. v. Rodgers*, No. 3:05-CV-0022-H, 2005 WL 464586, at *1 (N.D. Tex. Feb. 28, 2005). In fact, the exhibits in Defendant's notice of removal contradict his main allegation that the state court refuses to provide him with certain "material" evidence, a recorded audio tape. (*See* doc. 3 at 19-21; 45.) Defendant's "Exhibit C" includes an e-mail message that states that his defense counsel received the particular audio tape on April 26, 2016, which was over a week before he filed his notice of removal. *See id*. Defendant's additional allegations, including his claim that the state court is inflicting "intentional ineffective assistance of counsel" by refusing to allow his current counsel to withdraw, are also insufficient because "it [is] not enough to support removal [by] alleg[ing] that 'federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that

3

the defendant is unable to obtain a fair trial in a particular state court.'" *Johnson v. Mississippi*, 421 U.S. 213, 222 (1975) (quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 827 (1966)). Instead of removal, Defendant has "varied avenues of relief [outside of removal to federal district court] for vindication of any of [his] federal rights that may have been or will be violated." *Id*. at 228.

Defendant also does not meet the second requirement for removal under 28 U.S.C. § 1443(1) because his pleadings do not refer to any state law that would restrict his ability to enforce his federal rights in the state court criminal proceedings. Accordingly, he cannot establish his right to removal under 28 U.S.C. § 1443.

### III. RECOMMENDATION

This case should be *sua sponte* **REMANDED** to Criminal Court Number 3 of Dallas County, Texas, for further proceedings.

**SO RECOMMENDED this 21st day of June, 2016.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE